### S. E. Adams v. The State.

#### No. 4411.  Decided March 28, 1917.

**1.—Scire Facias—Judgment Final—Forfeiture of Bail Bond.**

Where, upon appeal from a judgment final on a forfeited bail bond, it appeared from the record that the appellant appeared in the County Court before final judgment to answer the accusation against him and presented his motion to set aside the judgment nisi and stand his trial, showing that he had been prevented from appearing at the time his bond was forfeited on account of sickness, which fact was not controverted, a final judgment should not have been entered against him and his sureties, and the judgment must be reversed and the cause remanded.  Following Reddick v. State, 21 Texas Crim. App., 267, and other cases.

**2.—Same—Filing Briefs—Agreement—Practice on Appeal.**

Where the attorneys on both sides entered into a written agreement in the lower court waiving the filing of briefs therein, a motion to dismiss on that account is overruled.

Appeal from the County Court of Jones.  Tried below before the Hon. J. F. Lindsey.

Appeal from judgment final on forfeited bail bond in the sum of $68.70.

The opinion states the case.

*E. T. Brooks,* for appellant.—On question of setting aside judgment *nisi* because defendant was sick and not able to attend court:  Strey et al. v. State, 7 S. W. Rep., 137, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited art. 500, C. C. P.

MORROW, Judge.—Appellant was convicted in the Recorder's Court of the town of Anson for violating an ordinance relating to the speed of automobiles.  He prosecuted an appeal to the County Court of Jones County, and that court entered a judgment nisi and final judgment of forfeiture of his appeal bond.

His case was set for trial September 1, 1916, and he failing to appear a judgment nisi was then entered against him and his sureties.

Before the judgment was made final, he appeared in person and filed his sworn motion in writing in which he stated that at the time the forfeiture was taken he was in the City of Fort Worth sick and unable to attend court; that he advised the county attorney of his condition by letter, asking for continuance or postponement and requesting the county attorney to wire him at his expense in the event that such arrangement could not be made. The county attorney received the letter but did not wire the appellant, was not present when the forfeiture was taken and stated that he forgot about the matter. The only testimony heard on the trial was that of the appellant and the county attorney, appellant's testimony showing without dispute that he was sick at the time and that of the county atorney showing he received the letter as above stated. There was no contradiction of appellant and no testimony or circumstances are disclosed from the record throwing doubt upon the truth of his statement. Article 500, C. C. P., provides. that the sickness of the principal on the bond will excuse his attendance where he appears before final judgment to answer the accusation against him. The evidence shows that appellant did appear at the time he presented his motion to set aside the judgment nisi; that the court was then in session and that he indicated a willingness to try his case then or at such date as the court might fix.

The Assistant Attorney General suggests that appellant's brief should. not be considered and the appeal dismissed because of the failure to file the briefs in the court below. There is a written agreement of the attorneys representing the appellee and the appellant in the lower court to the effect that the filing of the briefs with the county clerk is waived and that they may be filed in this court. In view of this agreement, we overrule the motion to dismiss the appeal.

Under the statute mentioned and on the authority of Storey v. State, 27 S. W. Rep., 137; Reddick v. State, 21 Texas Crim. App., 267; Thompson v. State, 17 Texas Crim. App., 318, and other cases cited in Vernon's Ann. C. C. P., under art. 511, subdiv. 3, p. 268, the trial court, in our opinion, committed error in entering final judgment against the appellant and his sureties, and because of such error the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*